EXHIBIT "1"

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE '809 PATENT
LITIGATION

MDL Docket No. 1926

## MOTION FOR AN ORDER TO TRANSFER
## A "TAG-ALONG ACTION" PURSUANT TO RULE 7.4(a)

Pursuant to MDL Rules 7.4(a) and 7.5(e), Screentone Systems Corp. and Acacia Research Corporation (hereinafter, "Movants") request that the Panel issue an Order directing that a recently filed "tag-along action" in the Northern District of California be transferred to the Central District of California for coordinated and consolidation pre-trial proceedings consistent with the Panel's previous ruling. Movants would show the following:

1. On March 27, 2008, the Panel heard oral argument concerning the proper forum for conducting consolidated pretrial proceedings regarding United States Patent No. 5,166,809 ("the '809 patent") and its parent, United States Patent No. 4,924,301 ("the '301 patent").

2. On April 10, 2008, the Panel issued a Transfer Order which transferred the following actions involving the '809 and '301 patents to the Central District of California for coordinated and consolidated pre-trial proceedings pursuant to 28 U.S.C. § 1407:

    o *Electronics for Imaging, Inc. v. Acacia Research Corp., et al.*, C.A. No. 8:07-1333 (C.D. Cal.);

    o *Heidelberg USA, Inc. v. Screentone Systems Corp., et al.*, C.A. No. 1:07-601 (D. Del.);

- *Konica Minolta Business Solutions USA, Inc. v. Screentone Systems Corp., et al.*, C.A. No. 1:07-602 (D. Del.);
- *Screentone Systems Corp. v. Canon U.S.A., Inc., et al.*, C.A. No. 2:07-340 (E.D. Tex.);
- *Canon U.S.A., Inc., et al. v. Screentone Systems Corp., et al.*, C.A. No. 2:07-1544 (W.D. Wash.).

*See* Exh. A.

3. On September 26, 2008, Adobe Systems Incorporated ("Adobe") filed a Declaratory Judgment Action in the Northern District of California, San Jose Division, styled *Adobe Systems Incorporated v. Acacia Research Corp. et al.*, No. C08-04522 (N.D. Cal.), seeking declarations of non-infringement and invalidity of the '809 patent ("the Adobe Action"). *See* Exh. B.

4. The Adobe Action involves some of the same parties and certain common questions of fact and law with the actions described in the Panel's April 10 ruling, now consolidated and pending in the Central District of California, Southern Division. The consolidated action is styled, *In re: Halftone Color Separations*, Case No. 8:08-ml-01926-CJC (ANx) (C.D.Cal.).

5. Counsel for Adobe has given Adobe's consent to consolidation of its action with the *In re: Halftone Color Separations* matter, which has been assigned to the Central District of California for pre-trial purposes, but Adobe reserves the right to have the Adobe Action tried where originally filed. Movants have agreed not to use the fact of

Adobe's consent to the consolidation or transfer itself against Adobe should Movants seek to have the Adobe Action tried elsewhere.[1]

FOR THE FOREGOING REASONS, Movants request that the Panel issue an Order transferring the Adobe Action from the Northern District of California to the Central District of California for coordinated and consolidated pre-trial proceedings consistent with the Panel's previous Transfer Order. Movants ask that such Order be entered as expeditiously as possible such that proceedings in the Central District of California suffer little or no delay as a consequence.

Dated: October 21, 2008.

Respectfully submitted,

Edward R. Nelson III
Texas State Bar No. 00797142
NELSON BUMGARDNER CASTO, P.C.
5601 Bridge Street, Suite 300
Fort Worth, Texas 76112
(817) 377-9111
Fax (817) 377-3485
enelson@nbclaw.net

David Skeels
Texas State Bar No. 24041925
FRIEDMAN, SUDER & COOKE, P.C.
Tindall Square Warehouse No. 1
604 East 4th Street, Suite 200
Fort Worth, Texas 76102
(817) 334 0400
Fax (817) 334 0401
skeels@fsclaw.com

**ATTORNEYS FOR SCREENTONE SYSTEMS CORPORATION AND ACACIA RESEARCH CORPORATION**

---

[1] Adobe Systems Incorporated disagrees that its action is fairly characterized as a "tag-along action."

3

## PROOF OF SERVICE

I certify that a copy of the foregoing *Motion to Transfer a "Tag-Along Action" Pursuant to Rule 7.4(a)* was served by U.S. First Class Certified Mail, Return Receipt Requested, on October 21, 2008 addressed to the following:

| | |
|---|---|
| **CMRRR No. 7007 3020 0002 1468 3317**<br>Jason W. Wolff<br>FISH & RICHARDSON, P.C.<br>12390 El Camino Real<br>San Diego, CA 92130 | **ATTORNEY FOR ADOBE SYSTEMS INCORPORATED** |
| **CMRRR No. 7007 3020 0002 1468 3324**<br>Russell B. Hill<br>HOWREY, LLP<br>4 Park Plaza, Suite 1700<br>Irvine, CA 92614 | **ATTORNEY FOR ELECTRONICS FOR IMAGING, INC.** |
| **CMRRR No. 7007 3020 0002 1468 3331**<br>Brian L. Klock<br>FITZPATRICK, CELLA, HARPER & SCINTO<br>975 F. Street, N.W.<br>Washington, DC 20004 | **ATTORNEY FOR CANON U.S.A., INC.** |
| **CMRRR No. 7007 3020 0002 1468 3348**<br>Joel E. Lutzker<br>SHEPPARD, MULLIN, RICHTER & HAMPTON, LLP<br>30 Rockefeller Plaza, Suite 2400<br>New York, NY 10112 | **ATTORNEY FOR KYOCERA MITA AMERICA, INC.** |
| **CMRRR No. 7007 3020 0002 1468 3355**<br>Steven F. Meyer<br>MORGAN & FINNEGAN LLP<br>3 World Financial Center<br>New York, NY 10281-2101 | **ATTORNEY FOR HEIDELBERG USA, INC.** |

| | |
|---|---|
| **CMRRR No. 7007 3020 0002 1468 3379**<br>Brian M. Koide<br>Mark Supko<br>CROWELL & MORING LLP<br>1001 Pennsylvania Avenue, N.W.<br>Washington, DC 20004-2595 | **ATTORNEY FOR EASTMAN KODAK CO.** |
| **CMRRR No. 7007 3020 0002 1468 3362**<br>Thomas N. Tarnay<br>SIDLEY AUSTIN LLP<br>717 N. Harwood, Suite 3400<br>Dallas, TX 75201 | **ATTORNEY FOR KONICA MINOLTA BUSINESS SOLUTIONS USA, INC. and KONICA MINOLTA PRINTING SOLUTIONS USA, INC.** |
| **CMRRR No. 7007 3020 0002 1468 3386**<br>Patricia A. Martone<br>ROPES & GRAY LLP<br>1211 Avenue of the Americas<br>New York, New York 10036-8704 | **ATTORNEY FOR RICOH AMERICAS CORP.** |

_____
Edward R. Nelson III

# Exhibit "A"

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

Apr 10, 2008

FILED
CLERK'S OFFICE

IN RE: HALFTONE COLOR SEPARATIONS
('809) PATENT LITIGATION

MDL No. 1926

TRANSFER ORDER

**Before the entire Panel**[*]: Canon U.S.A., Inc., Eastman Kodak Co., Panasonic Corp. of North America, Ricoh Americas Corp., Kyocera Mita America, Inc., and Konica Minolta Business Solutions Inc. have moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in the Western District of Washington or, in the alternative, the Central District of California. This litigation currently consists of five actions, two actions in the District of Delaware and one action each in the Central District of California, the Eastern District of Texas, and the Western District of Washington, as listed on Schedule A.

Responding parties take varying positions on both centralization and transferee district. Electronics for Imaging, Inc., plaintiff in the action pending in the Central District of California, supports centralization, but advocates selection of that district as transferee district. Heidelberg USA, Inc., plaintiff in one of the two District of Delaware actions and a defendant in the Eastern District of Texas action, opposes inclusion of the former action in centralized proceedings, but does not object to centralization otherwise. Screentone Systems Corp., plaintiff in the Eastern District of Texas action and a defendant in the other four actions, opposes centralization, as do its co-defendants in those actions: Acacia Patent Acquisition Corp., Acacia Research Corp., and Paul Snypp (collectively the Screentone/Acacia parties). If the Panel orders centralization over the Screentone/Acacia parties' objections, they urge the Panel to select the Eastern District of Texas as transferee district.

On the basis of the papers filed and hearing session held, we find that these five actions involve common questions of fact, and that centralization under Section 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All six actions involve common factual allegations concerning the validity of U.S. Patent No. 5,166,809 (the '809 patent), which claims an apparatus and methods for "digital halftoning" – a technique used to simulate a continuous tone image using spaced dots of varying size. Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings (particularly on claim construction issues), and conserve the resources of the parties, their counsel and the judiciary.

---

[*] Judge Scirica took no part in the disposition of this matter.

- 2 -

At oral argument, counsel for the Screentone/Acacia parties asserted that Section 1407 centralization anywhere other than in the Eastern District of Texas would somehow constitute a "perversion" of the MDL process, and suggested that the proponents of centralization had fabricated the grounds therefor by commencing their various declaratory judgment actions in an attempt to avoid litigating in the Eastern District, where the first-filed action is pending. We respectfully disagree with this assertion.

Centralization under Section 1407 is for pretrial purposes only. *See In re Patenaude*, 210 F.3d 135, 144 (3d Cir. 2000). If the Eastern District of Texas action is not resolved in the transferee court by settlement or otherwise, it will be returned to the Eastern District of Texas for trial. *See* 28 U.S.C. § 1407(a). Moreover, in ordering centralization, the Panel is certainly not bound to ratify the Section 1407 movant's choice of an appropriate transferee district. *See id.* And, in fact, we have expressly given the first-filed criterion some weight in selecting a transferee district. *See, e.g., In re Mattel, Inc., Toy Lead Paint Products Liability Litigation*, 528 F. Supp. 2d 1367, 1369 (J.P.M.L. 2007). But, in this docket, the Eastern District of Texas has no special connection to either the parties or the litigation's subject matter. This patent litigation could well have been filed in any of a number of jurisdictions. Furthermore, current docket conditions in the Eastern District of Texas counsel against assignment of this MDL to that district where other appropriate districts are available to handle the litigation. *See In re Merscorp Inc., et al., Real Estate Settlement Procedures Act (RESPA) Litigation*, 473 F.Supp.2d 1379, 1379-80 (J.P.M.L. 2007).

Under these circumstances, we are persuaded that the Central District of California is an appropriate transferee district for pretrial proceedings in this litigation. The action pending in that district is the only one of the five that also involves U.S. Patent No. 4,924,301 (the '301 patent), which is the parent of the '809 patent. In addition, Screentone Systems Corp., the purported patent holder, is located in the Central District of California.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the four actions listed on Schedule A and pending outside the Central District of California are transferred to the Central District of California and, with the consent of that court, assigned to the Honorable Cormac J. Carney for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

D. Lowell Jensen         J. Frederick Motz
Robert L. Miller, Jr.    Kathryn H. Vratil
David R. Hansen          Anthony J. Scirica*

IN RE: HALFTONE COLOR SEPARATIONS  
('809) PATENT LITIGATION

MDL No. 1926

## SCHEDULE A

### Central District of California

Electronics for Imaging, Inc. v. Acacia Research Corp., et al., C.A. No. 8:07-1333

### District of Delaware

Heidelberg USA, Inc. v. Screentone Systems Corp., et al., C.A. No. 1:07-601  
Konica Minolta Business Solutions USA, Inc. v. Screentone Systems Corp., et al., C.A. No. 1:07-602

### Eastern District of Texas

Screentone Systems Corp. v. Canon U.S.A., Inc., et al., C.A. No. 2:07-340

### Western District of Washington

Canon U.S.A., Inc., et al. v. Screentone Systems Corp., et al., C.A. No. 2:07-1544

# Exhibit "B"

1  Jason W. Wolff (CAB #215819)
   wolff@fr.com
2  FISH & RICHARDSON P.C.
   12390 El Camino Real
3  San Diego, CA 92130
4  Telephone: (858) 678-5070
   Facsimile:  (858) 678-5099
5
6  Frank E. Scherkenbach (CAB #142549)
   scherkenbach@fr.com
7  FISH & RICHARDSON P.C.
   225 Franklin Street
8  Boston, MA 02110-2804
   Telephone: (617) 542-5070
9  Facsimile:  (617) 542-8906
10
   Christina Jordan (CAB #245944)
11 jordan@fr.com
   FISH & RICHARDSON P.C.
12 500 Arguello Street, Suite 500
   Redwood City, CA 94063
13 Telephone: (650) 839-5070
   Facsimile:  (650) 839-5071
14
15 Attorneys for Plaintiff ADOBE SYSTEMS
   INCORPORATED
16

**ORIGINAL FILED**

SEP 2 6 2008

Richard W. Wieking
Clerk, U.S. District Court
Northern District of California
San Jose

17
18                 UNITED STATES DISTRICT COURT
19                 NORTHERN DISTRICT OF CALIFORNIA
                         SAN JOSE DIVISION
20
21 ADOBE SYSTEMS INCORPORATED, a    Case No. C08 04522
   Delaware Corporation,
22
              Plaintiff,             **COMPLAINT FOR DECLARATORY JUDGMENT**
23
24       v.
                                     **DEMAND FOR JURY TRIAL**
25 ACACIA RESEARCH CORP., a Delaware
   Corporation, and SCREENTONE SYSTEMS
26 CORP., a Delaware Corporation;
27            Defendants.
28

COMPLAINT FOR DECLARATORY RELIEF
Case No._____

## COMPLAINT

Plaintiff Adobe Systems Incorporated ("Adobe") hereby alleges as follows for this Complaint against Acacia Research Corporation and its wholly owned subsidiary Screentone Systems Corporation:

## PARTIES

1. Plaintiff Adobe is a Delaware corporation with its principal place of business at 345 Park Avenue, San Jose, CA 95110.

2. On information and belief, Defendant Acacia Research Corporation ("Acacia") is a Delaware corporation with its principal place of business at 500 Newport Center Drive, 7th Floor, Newport Beach, California 92660.

3. On information and belief, Defendant Screentone Systems Corporation ("Screentone") is a Delaware corporation with its principal place of business at 500 Newport Center Dr., Ste 700, Newport Beach, CA 92660. On information and belief, Screentone is a wholly owned subsidiary of Acacia.

## JURISDICTION AND VENUE

4. This action is based on the patent laws of Title 35 of the United States Code, § 1 *et seq.*, with a specific remedy sought under the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 and 2202. An actual, substantial, and continuing justiciable controversy exists between Adobe and Acacia and Screentone that requires a declaration of rights by this Court.

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Acacia because Acacia resides in the state of California. Further, this Court has personal jurisdiction over Acacia by virtue of Acacia's purposeful contacts with this district, including Acacia's transaction of substantial business and patent licensing operations with companies residing in this district, such that Acacia could have reasonably expected to be haled into Court in this district; and by virtue of Acacia's attempts to enforce a patent purportedly assigned to it against licensees of Adobe, an entity having a principal place of business in the Northern District of California, for allegedly infringing activities occurring in California.

7. This Court has personal jurisdiction over Screentone because Screentone resides in the state of California. Further, on information and belief, this Court has personal jurisdiction over Screentone by virtue of Screentone's purposeful contacts with this district and because it is essentially a patent holding company for a set of patents apparently owned by Acacia. Screentone could have reasonably expected to be called to Court in this district; and by virtue of Acacia and Screentone's attempts to enforce a patent purportedly assigned to it against licensees of Adobe, an entity having a principal place of business in the Northern District of California, for allegedly infringing activities occurring in California.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400 because a substantial part of the events giving rise to the claims presented in this Complaint occurred in this district. Venue is further proper because all Defendants are subject to personal jurisdiction in this judicial district and are therefore deemed to reside in this district pursuant to 28 U.S.C. § 1391(c).

## NOTICE OF RELATED CASES

9. Adobe identifies the following cases to which this action is related: *Canon U.S.A., Inc., et al. v. Screentone Systems Corp., et al.*, Case No. 2:07-1544 (CMP); *Electronics For Imaging, Inc. v. Acacia Research Corp., et al.*, Case No. 8:07-1333 CJC (ANx); *Heidelberg USA, Inc. v. Screentone Systems Corp., et al.*, Case No. 1:07-601-GMS-LPS; *Konica Minolta Business Solutions U.S.A., Inc. v. Screentone Systems Corp., et al.*, Case No. 1:07-602-GMS-LPS; *Screentone Systems Corp. v. Canon U.S.A., Inc. et al.*, Civ. Act. No. 2:07-340-DF.

10. The above-referenced cases have been transferred and consolidated for pretrial proceedings in the matter *In Re: Halftone Color Separations ('809) Patent Litigation*, Case No. 8:08-ml-01926 CJC (ANx).

## INTRADISTRICT ASSIGNMENT

11. Under Civil Local Rules 3-2(c) and 3-5, this action, being a declaratory judgment action based on patent claims, is appropriate for assignment on a district-wide basis.

## FACTUAL BACKGROUND

12. Adobe develops and sells many software applications for computers and electronic devices, including the such technologies as Acrobat, Flash, and PostScript.

-3- COMPLAINT FOR DECLARATORY RELIEF
Case No.

13. On information and belief, Acacia's business is the acquisition of patents which it licenses and enforces using a multitude of wholly owned subsidiaries and limited liability companies such as Screentone.

14. On information and belief, Acacia and Screentone purport to be the owner of U.S. Patent No. 5,166,809 ("the '809 patent"). The '809 patent is entitled "Apparatus and Methods for Digital Halftoning." A copy of the '809 patent is attached as Exhibit A.

15. On August 8, 2007, Acacia (through its wholly-owned subsidiary, Screentone) filed a Complaint in the Eastern District of Texas (the "Texas Action") against multiple Original Equipment Manufacturer ("OEM") defendants, including, *inter alia*, Canon U.S.A., Inc. ("Canon"), Eastman Kodak Company ("Kodak"), Ricoh Americas Corporation ("Ricoh"), and Heidelberg USA, Inc. ("Heidelberg"), asserting infringement of the '809 patent. Acacia and Screentone allege that these OEMs infringe the '809 patent by manufacturing, using, and selling printers and other imaging products that reproduce images using the halftoning techniques claimed in the '809 patent. On information and belief, Acacia and Screentone's allegations rest at least in part on the alleged use by the OEMs of Adobe's PostScript technology.

16. Adobe has license agreements relating to its PostScript with certain OEMs that have been targeted by Acacia and Screentone, including Ricoh.

17. Ricoh has sought indemnification from Adobe in response to Acacia and Screentone's allegations of infringement of the '809 patent. Ricoh has asserted that Adobe is obligated to provide indemnification and defense under the Adobe-Ricoh license agreement.

18. As a result of the original Texas Action, which has now been consolidated by the Multidistrict Litigation Panel, where Acacia and Screentone have asserted that multiple OEMs infringe the '809 patent, and as a result of the request for indemnity from and defense by Adobe by one or more of the OEM Defendants, there is an immediate and actual case or controversy between Adobe and Acacia and Screentone regarding the non-infringement, validity, and enforceability of the '809 patent.

///
///

-4-

COMPLAINT FOR DECLARATORY RELIEF
Case No. _____

19. This controversy is between parties having adverse legal interests and is of sufficient immediacy and reality to warrant issuance of a declaratory judgment under 28 U.S.C. § 2201(a) as to the validity of the '809 patent and the alleged infringement of the '809 patent by Adobe.

### FIRST CLAIM FOR RELIEF

**(Declaratory Judgment of Non-Infringement of U.S. Patent No. 5,166,809)**

20. Adobe restates and incorporates by reference the allegations in paragraphs 1-19.

21. This is an action for declaratory judgment of non-infringement of any valid and enforceable claim of the '809 patent.

22. On information and belief, Acacia and Screentone have alleged and continue to allege that products incorporating Adobe's PostScript technology are covered by the '809 patent. Acacia, through its wholly-owned subsidiary Screentone, has already commenced litigation against the OEM Defendants regarding this matter, and several OEMs have filed declaratory judgment actions against Acacia and Screentone.

23. Adobe asserts that it has not infringed and does not infringe any valid and enforceable claim of the '809 patent. Adobe further asserts that its licensees have not infringed and do not infringe any valid and enforceable claim of the '809 patent by virtue of their use of Adobe's PostScript technology.

24. Therefore, there exists a substantial controversy between Adobe and Acacia, parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Adobe and its licensees have not infringed and do not infringe any valid and enforceable claim of the '809 patent.

25. There further exists a substantial controversy between Adobe and Screentone, parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Adobe and its licensees have not infringed and do not infringe any valid and enforceable claim of the '809 patent.

26. An actual and justiciable controversy exists regarding the alleged infringement of the '809 patent by Adobe or its PostScript licensees. Adobe accordingly requests a judicial determination of its rights, duties, and obligations with regard to the '809 patent.

27. A judicial declaration is necessary and appropriate so that Adobe may ascertain its rights regarding the '809 patent.

## SECOND CLAIM FOR RELIEF

### (Declaratory Judgment of Invalidity of U.S. Patent No. 5,166,809)

28. Adobe restates and incorporates by reference the allegations in paragraphs 1-27.

29. This is an action for declaratory judgment of invalidity of any and all claims of the '809 patent.

30. On information and belief, Acacia and/or Screentone has alleged and continues to allege that products incorporating Adobe's PostScript technology use technology covered by the '809 patent. Acacia, through its wholly-owned subsidiary Screentone, has already commenced litigation against the certain OEMs regarding this matter.

31. One or more claims of the '809 patent are invalid because they fail to comply with the conditions and requirements for patentability set forth in 35 U.S.C. § 1 *et seq.*, including but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

32. Therefore, there exists a substantial controversy between Adobe and Acacia, parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that each asserted claim of the '809 patent is invalid.

33. There further exists a substantial controversy between Adobe and Screentone, parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that each asserted claim of the '809 patent is invalid.

34. Therefore, an actual and justiciable controversy exists regarding the validity of the '809 patent. Adobe accordingly requests a judicial determination of its rights, duties, and obligations with regard to the '809 patent.

35. A judicial declaration is necessary and appropriate so that Adobe may ascertain its rights regarding the '809 patent.

///

///

///

## JURY DEMAND

Adobe hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

WHEREFORE, Adobe prays for judgment against Acacia and Screentone as follows:

1. That Adobe does not infringe any valid and enforceable claim of the '809 patent;
2. That Adobe's licensees do not infringe any valid and enforceable claim of the '809 patent by virtue of their use of Adobe's PostScript technology;
3. That the '809 patent is invalid;
4. That this case is "exceptional" pursuant to 35 U.S.C. § 285, entitling Adobe to an award of its reasonable attorneys' fees;
5. That Adobe be awarded its reasonable costs incurred in this action; and
6. For such other relief as this Court deems just, reasonable and proper.

Dated: September 26, 2008        FISH & RICHARDSON P.C.

By: _____
Christina D. Jordan

Attorneys for Plaintiff
ADOBE SYSTEMS INCORPORATED

50610779.doc